**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

JASON ST. JAMES PRICE, )
)
                Plaintiff, ) **CIVIL ACTION**
)
v. ) No. 07-1354-MLB
)
CITY OF WICHITA, et al., )
)
                Defendant. )
                                        )

**MEMORANDUM AND ORDER**

      This case comes before the court on defendant Conmed Healthcare Management, Inc.'s motions to strike claims set forth in the pretrial order and a request for an extension of time to file its summary judgment motion. (Docs. 151, 158, 162). The motions have been fully briefed and are ripe for decision. (Docs. 156, 157, 163). The motions to strike are denied and the motion for an extension is granted in part and denied in part for the reasons set forth herein.

**I.    Facts and Procedural History**

      On September 2, 2006, plaintiff was arrested for committing battery on an officer. Plaintiff contends that Sergeant John Hoofer used excessive force in restraining him during the arrest. Plaintiff was then transported to the Sedgwick County Adult Detention Facility ("the jail"). While at the jail, plaintiff requested medical care on three different occasions. On one occasion, plaintiff asked a nurse, who is allegedly employed by Conmed, to treat him. She refused. After being released from jail, plaintiff went to the hospital where he was diagnosed with blunt force trauma to his abdomen. Plaintiff remained in the hospital for six weeks.

Plaintiff filed suit against various defendants, including Conmed. Plaintiff makes the following allegations against Conmed in his amended complaint:

> 57. The intake deputy, Curtis Jones, and/or the Intake Search Deputy, Cayle Eurton, at the Sedgwick County Jail called for a nurse to examine Mr. Price.
>
> 58. The nurse on duty at the Sedgwick County Jail, Defendant Dana Beason and/or Defendant Vickye Beasley-Lee refused to provide needed medical attention to Mr. Price.
>
> * * *
>
> 63. Mr. Price underwent multiple surgeries to repair the damage to his abdomen caused by Sgt. Hoofer and Officer Dallas Boone, and exacerbated by the failure of the Wichita Police Department officers on scene, and employees, deputies and nurses of the Sedgwick County Jail and Conmed, Inc., to treat Mr. Price for his injuries.
>
> * * *
>
> 110. Defendant police officers, and Sedgwick County employees and deputies, and Conmed, Inc., nurses discriminated against Mr. Price on the basis of his race, treating him without care or concern as though he was something less than human and in a manner that was without rational justification. Defendant police officers and Sedgwick County employees and deputies, and Conmed, Inc., nurses refused to provide desperately needed medical care. Such treatment, initiated for no reason other than Mr. Price's was an African American, constitutes discrimination.
>
> * * *
>
> As a direct and proximate cause of the acts and failures to act of Defendants, Mr. Price suffered, and will continue to suffer physical injury, loss of income, medical expenses, severe mental anguish, pain and suffering, and loss of hedonic value of life in connection with the deprivation of Mr. Price's Constitutional and statutory rights guaranteed by the First, Fourth, and Fourteenth Amendments of the Constitution of the United States, the Kansas Constitution, and 42 U.S.C. § 1983, and common law of Kansas.

> WHEREFORE, Plaintiff demands judgment jointly and severally against Defendants City of Wichita, Sedgwick County, Hoofer, Gilmore, Boone, Klumpp, Conmed, Inc., Eurton, Jones, Beasley-Lee, and Beason, for past and future compensatory damages, punitive damages, costs per 42 U.S.C. § 1988, pre-judgment interest, and for such other and further relief as the Court deems just and equitable.

(Doc. 24).

Conmed filed an answer to plaintiff's amended complaint and asserted the following defenses:

> This Court lacks subject matter jurisdiction as to the Civil Rights Act, First Amendment, Fourth Amendment and Fourteenth Amendment violations alleged against these defendants.
>
> This Court lacks personal jurisdiction over these defendants as to the Civil Rights Act, First Amendment, Fourth Amendment and Fourteenth Amendment violations alleged against these defendants.

(Doc. 32).

In addition, Conmed posed an interrogatory to plaintiff which asked him to state with specificity the acts he claims to have been a "violation of [his] Constitutional rights." (Doc. 157, exh. A). Plaintiff objected to the interrogatory on the basis that it called for legal conclusions. Plaintiff, however, went on to state the facts that occurred on September 2, 2006. Conmed also served admissions in which it sought to have plaintiff admit that his "sole allegation . . . against Conmed is that its [nurses] may have refused to provide medical care." (Doc. 157, exh. B). Plaintiff responded by objecting to the admission because it called for a legal conclusion but further admitted that his "legal claims are based on the denial of medical care." (Doc. 157, exh. C).

Conmed moves to strike plaintiff's constitutional claims and

-3-

request for fees and punitive damages from the pretrial order. Conmed asserts that the claims are untimely and it also argues that there is no factual basis for such claims.

**II. Analysis**

    **A. Motions to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure provides that the court may order stricken from any pleading "any redundant, immaterial, impertinent or scandalous matter." D. Kan. Rule 5.1(f) supplements Rule 12(f) by allowing the Court to strike any "bulky or voluminous" materials from a pleading which are not essential to that pleading. A motion to strike is a generally disfavored remedy, Nwakpuda v. Falley's, Inc., 14 F. Supp.2d 1213, 1215 (D. Kan. 1998), and should be denied unless the allegations (1) have no possible relation to the controversy, and (2) may cause prejudice to one of the parties, Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp.2d 1022, 1029 (D. Kan. 2006). Any doubt as to the utility of the material to be stricken should be resolved against the motion to strike. Nwakpuda, 12 F. Supp.2d at 1215. The purpose of Rule 12(f) is to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial. Stubbs v. McDonald's Corp., 224 F.R.D. 668, 676 (D. Kan. 2004).

Conmed argues that plaintiff's constitutional claims and claims for punitive damages are untimely and, as a result, prejudicial to Conmed because the claims were raised after discovery. Plaintiff responds that allegations in the amended complaint support the conclusion that he was alleging a constitutional deprivation against Conmed. After reviewing the amended complaint, Conmed's answer and

-4-

the discovery posed by Conmed, the court believes that Conmed has been aware of plaintiff's claims against it. Conmed's affirmative defenses show that it was at least aware of the possibility that plaintiff was asserting constitutional claims against it. Moreover, Conmed's interrogatory cited by plaintiff clearly references plaintiff's constitutional claims. Finally, Conmed has not made any showing of prejudice by the allowance of the constitutional claims in the pretrial order beyond its mere allegation of prejudice.

Conmed also makes several arguments concerning the sufficiency of plaintiff's section 1983 claims. Conmed, however, did not file a motion to dismiss those claims and the time has now passed. The merits of plaintiff's section 1983 claims and Conmed's defenses should be resolved through a dispositive motion rather than arguing over the language in the pretrial order.

The motions to strike are therefore denied. (Docs. 151, 158).

### B. Motion for an Extension of Time

Conmed additionally filed a motion for extension of time to file its dispositive motion. The current deadline for dispositive motions is January 25. Conmed seeks an additional fourteen days. That request is granted. Conmed further seeks an extension of this court's thirty-page limitation on dispositive motions. The court sees no need in this case to extend the page limitation. That request is denied.

## III. Conclusion

Conmed's motions to strike plaintiff's claims in the pretrial order are denied. (Docs. 151, 158). Conmed's motion for an extension of time is granted in part and denied in part. (Doc. 162).

A motion for reconsideration of this order is not encouraged.

The standards governing motions to reconsider are well established. <u>Comeau v. Rupp</u>, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in <u>Comeau v. Rupp</u>. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

    IT IS SO ORDERED.

    Dated this __25th__ day of January 2010, at Wichita, Kansas.

                                        <u>s/ Monti Belot</u>
                                        Monti L. Belot
                                        UNITED STATES DISTRICT JUDGE