**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| JASON ST. JAMES PRICE, | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION** |
| | ) | |
| v. | ) | No. 07-1354-MLB |
| | ) | |
| CITY OF WICHITA, et al., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on Ronell Richard's motion to intervene. (Doc. 224). The motion has been fully briefed and is ripe for decision. (Docs. 230, 231). This case was closed on January 25, 2011, after the parties entered a settlement agreement. Richard currently has a pending action against Sedgwick County and Conmed, defendants in this case. Case No. 09-1042-WEB. Richard moves to intervene in this now-closed case and, in addition, seeks modification of the protective order so that he may obtain discovery materials produced in this case. Both defendants object.

Federal Rule of Civil Procedure 24(b) allows permissive intervention in a case by a party who "has a claim or defense that shares with the main action a common question of law or fact." Allowing permissive intervention is within the discretion of the district court. United Nuclear Corp. v. Cranford Ins. Co., 905 F.2d 1424, 1427 (10th Cir. 1990). Essentially, Richard argues that he should be allowed to intervene because his case against defendants asserts a claim of deliberate indifference to medical needs and a failure to adequately train the staff regarding medical issues, the

same claims asserted in this case. Richard further asserts that the facts are similar in that Richard banged on his cell door and requested help but was not assisted.

The Rule, however, requires a common question of law or fact. With the exception of the allegation of door banging, Richard has only argued that Price alleged similar claims. That is not a permissible reason for intervention under the rules. As to the single allegation regarding both parties banging on their cell doors, this does not equate to a common question of fact because there is no allegation that the same deputies were involved in both cases. Notably, Price was not even aware of the identities of the deputies who allegedly ignored his repeated requests for help. Moreover, Price's incarceration was in September 2006 and Richard was incarcerated from October 2007 to February 2008.

Richard has failed to establish that there is a common question of law or fact in this case and, therefore, his motion to intervene is denied. (Doc. 224).

IT IS SO ORDERED.

Dated this __23rd__ day of June 2011, at Wichita, Kansas.

                                           s/ Monti Belot
                                           Monti L. Belot
                                           UNITED STATES DISTRICT JUDGE